OPINION of the Court, by
Judge Bibb.
-Field, as assignee of the sheriff of Bourbon, instituted an action agajnst George Slaughter and his securities, upon a bond conditioned for keeping the prison bounds. The defendants pleaded that said Slaughter had been confine(j jn the prison bounds upwards of twenty days, “ and being unable to pay the ordinary prison fees which accrued after that period, the defendant, Buckhannon, act'ing as jailor for the county aforesaid, gave notice of die said non-payment of the said ordinary prison fees to the said plaintiff, and demanded payment thereof, to wit: the sum,” &c. “ at,” &c. “on the day,” &c. “-and ^ saj¿ plaintiff failed to discharge the said fees, when so demanded as aforesaid ; m consequence wnereot, the said Buckhannon, acting as jailor aforesaid, discharged die said defendant Slaughter from his custody, and thereupon the said Slaughter departed from the bounds ; wj,ich is the same departure in the said declaration men-tionech” &C. “without that,” &C.--
To this plea the plaintiff replied, (by protesting against the assertions that Slaughter was discharged by due course of law, that he was unable to pay the prison fees, or that any demand of them had been made by Buck-hannon,) “ that before the time when the said demand, of him, the said Buckhannon, is supposed to have been made in the said plea, of the ordinary prison fees of him,” &c. “ — —to wit: on the day,” &c. “-he, the said plaintiff, did then and there execute to him, the said Buckhannon, a bond, with a certain William Markham *161 as his security, in a sufficient penalty, conditioned for the payment of the prison fees of said George, for his imprisonment and maintenance in the prison bounds as aforesaid, to'him, the said Buckhannon, as jailor as aforesaid ; which said bond was then and there accepted by said Buckhannon, all which he is ready to verify,’* &e. “ without that,” &c. “wherefore, he prays judgment,” &c. To this replication the defendants demurred, and the plaintiff joined in demurrer. The court gave judgment on the demurrer in favor of the plaintiff. The defendants then moved in arrest of judgment, 1st. that the bond on which the action was brought was illegal, being taken to the sheriff instead of the jailor ,- 2dly. that the court erred in overruling the demurrer. This motion in arrest of judgment was sustained by the court, and judgment for costs given against the plaintiff in the action ; from which the said Field appealed ; and assigns in this court for error, 1st. that the motion in arrest of judgment ought not to have been sustained ; 2dly. that the judgment for costs ought not to have been given against him.
From a view of the statutes respecting “- — the escape of debtors and other prisoners,” “-concerning executions, and for the relief of insolvent debtors,” it is apparent that the sheriff is the officer first contemplated as having the authority to take the bond for keeping the prison bounds. Thus, in the first recited act, sec. 2, (Brad. E. L. K. p. 33, vol. 1) upon the escape of one who may have obtained liberty of the prison rules, the sheriff is required to give notice thereof to the creditor at whose suit the piisoner was in custody, and to assign over and deliver to such creditor the bond by him (the sheriff) taken for tfie liberty of the prison rules. In the second act before mentioned, sec. 26, (same book, p. 268) it is declared, that if any person taken or charged in execution shall enter into bond with good and sufficient security not to depart out of the prison rules or bounds, “ it shall be lawful for the sheriff,¡ or officer in whose custody” such prisoner shall be, to permit such prisoner to go out of prison and return at pleasure. The sheriff is the immediate officer of the law, to whom all process of the courts of justice are directed ; to him the capias ad satisfaciendum in this particular instance was directed, by virtue of which Slaughter had *162 been taken in custody: by virtue of this execution tifié sheriff had power and authority over his prisoner thus in custody, and therefore he might well take the bond to himself from the prisoner for keeping the bounds* The case does not require us to say whether the jailor might have taken the bond in case the prisoner had been, committed to his charge.
The motion in arrest of judgment, and the opinion of the circuit court thereupon, the propriety of which is a a subject of enquiry in this court, brings into view the plea, replication and demurrer. The question which seems to arise out of the pleadings is this : after bond and security given by the plaintiff for payment of the prison fees of his debtor, could the jailor lawfully discharge the prisoner, because the plaintiff failed to discharge the fees which had accrued when demanded; or was the jailor bound, notwithstanding the demand and refusal, to keep the prisoner still longer on faith of a recovery to be had on the bond? If the latter, the replication is good in avoidance of the demand and failure stated in the plea; if the former, the replication is ill. This question depends on the proper understanding of the 32d section of the last before recited act, (Brad. E. L. K. p. 272) which declares that such fees for keeping a debtor, who is unable to pay them,, as shall become due after the expiration of twenty days, shall be borne by the creditor until he consents to release his debtor ; and if the creditor, upon notice given,, “ shall refuse to give security to the sheriff or jailor for the payment of such prison fees, or shall fail to pay the same when demanded, it shall and may be lawful for the sheriff or jailor to discharge such debtor out of prison.” It is not enough, according to the act, that the creditor shall give security to pay, he must actually pay when required; or, in other words, the act does not oblige the sheriff or jailor to take a promise ion payment, a bond instead of money. The bond and security may be required, according to the permission of the act, at the discretion of the sheriff or jailor. This permission was necessary to secure the officer against loss which might accrue to him from sustaining insolvent debtors at the suit of insolvent creditors- But whether security has or has not been given,, the creditor must pay his debtor’s prison fees (if the debtor is unable) as often as demanded, at the hazard *163 of having his debtor discharged in case of failure. If the creditor supposes his debtor able to pay those fees, the law gives him his action to recover them of him ; but the officer is not bound to advance the sustenance of an insolvent debtor without security from the creditor, if he chooses to demand it; and with or without security he is not bound to be in advance to a creditor who refuses to pay on request. The condition of the bond is forfeited upon non-payment on request, and the officer may sue on it for such fees as may have accrued. This request may be made daily, weekly, monthly, or at a yet longer period, and on the refusal or failure of the creditor to pay, it is at the election of the officer to discharge the prisoner, or to keep him until the creditor consents to his discharge. The creditor may pay daily, weekly or monthly in advance if he pleases, but the officer is to be secured of a prompt payment of the fees when due; he is not bound to take ah obligation in place of current coin, nor to give faith and credit to a broken covenant. The replication, therefore, did not avoid the plea, and consequently the demurrer should have been sustained. The court did right, on a subsequent day of the same term, to arrest the judgment, correct their error, and give judgment for the defendants with costs, as they should have done on the argument of the demurrer.--Judgment affirmed.