Ruffun, C. J.
 

 His Honor’s instruction was right. It is true, that in the Act of 1741, it is provided, that one in the prison bounds, “shall be adjudged a true prisoner.” But that is said in respect of the officer’s liability for an escape, and has no reference to anything else. A person in the bounds was not such a prisoner, as was, under the Act of 1773, entitled to take the oath of insolvency, or to call on the jailor for diet, and charge the creditor with the payment therefor. As to the first point, the case of
 
 Howard
 
 v
 
 Postern,
 
 3 Murp. 270, is an authority. Indeed, the Act of 1818, after reciting doubts, whether a debtor, who once took the benefit of the rules, could afterwards be discharged as an insolvent, provided that he might go into close prison, in order that he might then proceed, as a prisoner, to obtain his discharge, and it was not until the amendment to that Act, in 1836, Rev. Stat, ch. 58, s. 19, that the debtor
 
 *12
 
 could be admitted to bis oath, while within the rules, and without going into close prison. Therefore, the term» “ true prisoner,” in the Act of 1741, did not control that' part of the Act of 1773, which provided for the discharge-of an insolvent; but the latter Act was construed upon its own terms, requiring close imprisonment. In like manner, the present question depends upon the particular provisions of those Acts which require a jailor to And a debtor, and give recourse on the creditor therefor. They are the 8th and 9th sections of the Act of 1773, and the Act of 1821, amended in 1838, now forming the 6th section of the Revised Statutes, ch. 58. The first was restricted to debtors “confined” in prison; and the last is explicit, that, “whenever any debtor shall be actually confined within the walls of the prison, it shall be the duty of the jailor to furnish such prisoner with necessary food during his confinement,” and if the prisoner be unable to discharge the fees therefor, the jailor may recover them from the creditor. Thus, the officer is not bound to furnish food for one in the rules, and, therefore, cannot charge the .creditor therefor. The debtor, with that degree of liberty, is supposed, with reason, to be able to provide for himself, by his labor, if by no other means of his own; and it was not intended that he should live in the bounds in idleness, at the expense of his creditor, instead of earning a living for himself. Consequently, the plaintiff recovered all he was entitled to, and the judgment for that sum is to stand.
 

 As the plaintiff, however, was the appellant to the Superior Court, and recovered there no more than he did in County’ Court, he was not entitled to costs on that appeal. The Statute, indeed, vests the discretion in the Superior Court, to order him to pay those costs. That was not done, and this Court does not interfere on that point. But the Act is peremptory, that in such a case the plaintiff shall not recover the costs of the appeal, and to that extent it is
 
 *13
 
 the duty of this Court to modify the judgment. Consequently, the judgment for the damages, and for the plain-tifl’s costs in the County Court, is affirmed; and the defendant is entitled to his costs in this Court.
 

 Per Curiam. Judgment accordingly.