HERMAN HAAS, plaintiff in error, vs. NORMAN BRADLEY, Jailer, defendant in error.

[1.] The taking of prison bounds does not release the creditor from his obligation to pay jail fees, provided the debtor is unable to do so.

[2.] The failure of the Jailer to take a bond from the creditor for the weekly payment of jail fees, does not exonerate the creditor from his liability.

Certiorari, in Coweta Superior Court. Decision by Judge HAMMOND, at March Term, 1857.

Motion to enter up judgment against plaintiff in *ca. sa.* for jail fees, for dieting defendant confined in jail bounds.

Benjamin C. W. Gill was arrested by virtue of a *capias ad satisfaciendum* at the suit of Herman Haas, and gave bond and security for, and was admitted to the privilege of *prison bounds.* He also applied for and took the benefit of the Act for the relief of honest debtors.

At the December Term, 1856, of the Inferior Court, Norman Bradley, the Jailer of said county, moved the Court for leave to enter judgment against Haas, the plaintiff in *ca. sa.*, for the sum of fifty-one dollars and seventeen cents, for dieting defendant 107 days, while confined in prison bounds.

The Inferior Court holding that the plaintiff was not bound

for said fees, refused the motion. To which decision coun-sel for the Jailer excepted, and sued out a certiorari.

After argument, in the Superior Court, the presiding Judge sustained the certiorari, and reversed the decision of the Inferior Court.

To which decision counsel for Haas excepted.

BUCHANAN & WRIGHT, for plaintiff in error.

SIMMS and SMITH, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

There are really but two questions in this case: 1st. Is the creditor bound for the maintenance of his insolvent debt-or, who has taken the benefit of the prison bounds. And 2dly. If the Jailer omits to take from the creditor a bond to pay these fees weekly, does that exonerate the creditor from his liability?

[1.] As to the first question, we think it clear, that the creditor is bound, notwithstanding the debtor has taken the benefit of the prison bounds. True he is out of the four walls, still he is a prisoner; and if a prisoner, then, un-der the law, the creditor is liable. The 6th section of the Act of 1801, *Cobb* 382, declares that when any person or per-sons, who now are, or hereafter shall be committed for any debt or damage, whatsoever, and shall not be able to satisfy and pay his ordinary prison fees, such fees shall be paid by the person at whose instance such insolvent person may be confined. The Act makes no exception, and the case comes within its provisions, neither, to anticipate the second point, is it made incumbent upon the Jailer to take a bond for the periodical payment of the prison fees.

In some cases, (to return to the first question,) the prisoner might live with his family or otherwise by his trade or call-ing, within the bounds, support himself; and then perhaps

Haas vs. Bradley.

the creditor would not be liable. We do not decide this. But in many, if not most instances, the insolvent debtor could not earn his living, or find board. Is he to starve or be shut up within the four walls? Does the law intend thus to discriminate? Surely not. All debtors are entitled to prison bounds. And all *insolvent* debtors are entitled to have their board paid by the creditor, provided they have not the means to pay themselves.

[2.] Is the fact that no bond was taken for the weekly payment of fees, any defence in the mouth of the creditor? This provision in the law, is for the protection and security of the Jailor.

It is supposed by the ingenious counsel, who agued this case in behalf of the plaintiff in error, that there is an inconsistency in the Act of 1801. In one part it says, that upon taking the oath prescribed for insolvent debtors, and the payment of fees, the debtor shall be discharged. And in the last section, which we have heretofore quoted, it enacts that the creditor shall pay the ordinary prison fees.

The interpretation is simply this. If the debtor can pay, he must, otherwise the creditor is liable. In another part of the law, provision is made, that where effects are surrendered up, the fees and costs shall be paid out of them. If there be none, of course the creditor pays. And it makes but little difference, in many cases, whether the creditor pay, or the fees are deducted from a fund that was to be distributed to him.

It is urged that the taking the insolvent debtor's oath, does not necessarily prove that the debtor is unable to pay fees. And this may be true. But in this case, as the record shows, no question of this sort was made. Both in the petition by the Jailer to the Court, and the subsequent order and proceedings, it is assumed, that the debtor was unable to pay fees. Had this fact been denied, an issue would have been made and the fact tried. But, as the case comes before us,

this point, so far from being controverted, was indirectly conceded. Hence, it cannot arise here.

Under the Constitution of the State, an insolvent debtor cannot be detained a day in custody, after he has made a full and fair surrender of his property. And, by the laws of the State, if the debtor is unable to pay fees, the creditor must. Consequently, we hold that the Circuit Court was right in deciding as it did.

Judgment affirmed.