SCHUIER, Respondent, vs. KUSWA and others, Appellants.

*December 14, 1921—January 10, 1922.*

*Execution against the body: Payment of board: Jail limits: Bond.*

1. The provision of sec. 4320, Stats., that a creditor must advance payment for the board of a prisoner held on body execution during the time for which he may be imprisoned, and that the failure to make such advance payment shall discharge the prisoner, was intended to protect the public against the expense of boarding him, and does not apply where the public is otherwise protected, as where the prisoner is allowed jail limits on bond.
2. A prisoner on a tort judgment who gives bail and is out on jail limits relieves the judgment creditor from the prepayment of board from the time the prisoner leaves the jail.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

Action begun in the civil court of Milwaukee county upon a bond of $300 assigned by the sheriff to plaintiff and conditioned that one *Kuswa*, against whom plaintiff held a tort judgment for $190.91, wholly unsatisfied, should remain a true and faithful prisoner and not escape or go beyond the jail limits of Milwaukee county, unless discharged by due course of law.

Plaintiff at the time she caused the arrest of *Kuswa* upon the tort judgment deposited with the sheriff $5 to pay for his board at the rate of sixty cents per day, that being the lawful charge. *Kuswa* remained in jail two days and then gave the bond sued upon. He remained for ten days within the jail limits and then returned to his home outside the jail limits and has there remained. The sheriff, while the bond was in full force and effect, returned to plaintiff $3.80 of the $5 advanced as unexpended board money.

The civil court held that *Kuswa* was by force of sec. 4320, Stats. 1919, discharged by due course of law at the expiration of the ten days and rendered judgment for the defendants. The circuit court reversed such judgment and entered

judgment for plaintiff for the amount due upon her judgment, with interest.    The defendants appealed.

The cause was submitted for the appellants on the brief of *H. L. Eaton* of Milwaukee, and for the respondent on that of *Lorenz & Lorenz* of Milwaukee.

VINJE, J.    The body execution upon which defendant was detained in custody directed the sheriff "to commit him to the common jail of your county until he shall pay the said judgment [theretofore described] or be thence discharged according to law."    It will thus be seen that the execution did not provide for an imprisonment for a specified number of days.    But it is contended by defendants that since only $5 was paid for *Kuswa's* board by plaintiff, and board was at the rate of sixty cents per day, the sum paid was exhausted, and by virtue of the provisions of sec. 4320, Stats. 1919, so far as applicable to this case, reading, "Whenever a person is committed to jail on execution issued on a judgment recovered in a civil action, the creditor, his agent, or attorney shall advance to the jailer within twenty-four hours after such commitment, sufficient money to pay for the support of said prisoner during the time for which he may be imprisoned; and in case the money shall not be so advanced, or, if during the time the prisoner may be in confinement the money shall be expended in the support of such prisoner, the jailer shall forthwith discharge such prisoner from custody, and such discharge shall have the same effect as a discharge by order of the court," the defendant was discharged by due course of law, even though he was out on jail limits and paid for his own board.    This contention is sought to be strengthened by the fact that an amendment to said section recommended by the joint committee on revision in 1878 adding these words to the section: "but such money need not be exhausted or paid when such person is on the liberties of the jail or not actually confined in such jail," was rejected by the legislature.    It is

claimed this shows that it was the legislative intent that the prisoner's board must be paid whether he was confined in the jail or was out on jail limits. Plaintiff's answer to this contention is that even if it be conceded that the prisoner's board must be paid while on jail limits, it nevertheless appears in this case that the money advanced for board was never exhausted. The sheriff spent only $1.20 of it and returned to plaintiff $3.80 unexpended. The sheriff was required to account to the county for only the money actually expended by him for board of the prisoner, and properly returned the unexpended money. He boarded the prisoner only two days and expended $1.20 of the $5 for board; the balance of $3.80 was never spent for board. Hence, the contingency authorizing a discharge, namely, "if during the time the prisoner may be in confinement the money shall be expended in the support of such prisoner," never arose, and the prisoner was never lawfully discharged, for he claims no other mode of discharge.

This contention of plaintiff is well taken, but it is not necessary or advisable to place the decision upon such narrow grounds. It is quite evident that the requirement of prepayment of board in such cases is to protect the public against the expense of attempting to collect a tort judgment. When such expense is otherwise protected against, as in the case of the prisoner giving a bond and being allowed jail limits, the necessity of prepaying board ceases. The failure of the legislature to incorporate that explicitly into the statute must be ascribed to the fact that it was thought not necessary to state the obvious. It is therefore held that a prisoner on a tort judgment who gives bail and is out on jail limits relieves the judgment creditor from the prepayment of board from the time the prisoner leaves the jail. This is in conformity with the construction of similar statutes elsewhere. *Potter v. Robinson,* 40 N. J. Law, 114.

*By the Court.*—Judgment affirmed.