REINERT *v*. FIDELITY & CASUALTY COMPANY OF NEW YORK.

1. EXECUTION—CIVIL PRISONER—EXPENSES.
Burden of expense of board and keep for person imprisoned under a *capias ad satisfaciendum* is upon creditor who causes and continues the expense, but where prisoner supports himself after release through indulgence of the jailer, the reason for charging the creditor fails and the statute requiring him to pay becomes inoperative in that respect (3 Comp. Laws 1929, § 14756).

2. SAME—REIMBURSEMENT FOR EXPENSE OF CIVIL PRISONER'S KEEP.
    Statute requiring creditor to pay expense of board and keep of
    person imprisoned under *capias ad satisfaciendum* upon de-
    mand of the jailer, implies reimbursement so that when there
    is no expense, as where the prisoner supports himself after re-
    lease through indulgence of the jailer, the creditor is not obli-
    gated to pay after prisoner's discharge (3 Comp. Laws 1929,
    § 14756).

3. SHERIFFS AND CONSTABLES—BOARD MONEY FOR CIVIL PRISONERS.
    Since obligation to pay in advance for expense of board and
    keep of person confined under *capias ad satisfaciendum* is not
    mandatory but is a right which the jailer has and may enforce
    or waive, release of prisoner without having made a new spe-
    cific demand for board money where it had not always been
    paid in advance and was then in arrears *held*, not justified
    (3 Comp. Laws 1929, § 14756).

4. SAME—UNJUSTIFIED RELEASE OF CIVIL PRISONER.
    In creditor's suit against sheriff and surety on his official bond
    for escape of one imprisoned under *capias ad satisfaciendum*,
    sheriff *held*, liable where his release of prisoner was not justi-
    fied unless directed to do so by creditors' attorney, a question
    of fact not decided by the court (3 Comp. Laws 1929, § 14756).

Appeal from Ottawa; Vanderwerp (John), J.,
presiding. Submitted January 23, 1935. (Docket
No. 87, Calendar No. 38,178.) Decided March 5,
1935.

Assumpsit by Walter A. Reinert and others
against Cornelius Steketee, principal, and Fidelity
& Casualty Company of New York, surety on his
official bond, for illegal release of a prisoner. Judg-
ment for defendants. Plaintiffs appeal. Reversed
and new trial granted.

*Clare E. Hoffman* and *Charles E. Misner*, for
plaintiffs.

*John R. Dethmers* and *Mason, Alexander, Mc-
Caslin & Cholette*, for defendants.

FEAD, J. This is an action against a sheriff and the surety on his official bond for escape of one Roberts, imprisoned on *capias ad satisfaciendum.* Defendants had judgment on trial before the court without a jury.

Roberts was taken into custody March 7th and released July 16, 1932. The jail records do not show his discharge. His board was 50 cents per day. Plaintiffs are nonresidents and were represented by their attorney, who paid the sheriff or his deputies in charge of the jail various sums from time to time for the board of Roberts. There is a dispute as to the amount paid. The attorney claims he paid to August 2d, usually in advance. The payments were made irregularly and not always in advance, sometimes after special request. The last official receipts produced show payment on June 22d of $20 for the period from May 18th to June 28th, $5 on June 30th for the time from June 26th to July 7th, and $5 on July 18th for the interval from July 8th to July 18th. The sheriff permitted Roberts to go freely about town and into the country. Plaintiffs' attorney, however, warned him that he would be liable for the judgment against Roberts if the latter left the county. Roberts was finally released July 16th, returned July 19th for his clothes, went away, stayed in the neighborhood until September 1st, and then left the county.

The sheriff claims he discharged Roberts because plaintiffs' attorney told him to do so. The attorney denies this. The court did not pass upon the issue of fact thus raised but held defendants not liable because plaintiffs had not paid the board of Roberts after his release and at the time he left the county.

The case involves construction of 3 Comp. Laws 1929, § 14756:

"Whenever in any civil action, any person shall be committed to any jail in default of bail, or by virtue of an execution issued or proceeding founded on a judgment rendered in such suit, the plaintiff or defendant at whose instance such person shall be so imprisoned, shall pay, on demand, to the sheriff or the keeper of the common jail of the county, the expenses of the board and keeping of such person so imprisoned; and the said sheriff or keeper of said jail shall not be required to retain such person any longer in jail than such expenses of said board and keeping shall be paid in advance; nor shall such expenses constitute any charge against the county."

There are no decisions in point in this State. However, there are a few cases in other jurisdictions which are illustrative of judicial reasoning in the construction of similar statutes. Some of the cases are interesting in disclosing old laws which required the debtor to pay his own keep in jail and charged the creditor only on a showing of the prisoner's inability to support himself. The statutes are construed to require the creditor to pay the board of a prisoner only while he is actually confined, or, if at liberty, when he boards at the jail or is unable to support himself. Thus, it has been held that the obligation of the creditor to pay the prisoner's board ceases when he is released on a jail limits bond (*Potter* v. *Robinson,* 40 N. J. Law, 114; *Phillips* v. *Allen,* 35 N. C. 10; *Schuier* v. *Kuswa,* 176 Wis. 48 [186 N. W. 148]); or if the prisoner is able to support himself, but not where, if he is unable, the creditor is given notice and support demanded (*Meredith* v. *Duval,* 1 Munf. [15 Va.] 76, 81); the creditor remains liable when the prisoner is unable to support himself (*Haas* v. *Bradley,* 23 Ga. 345); and, when prison fees are payable, the debtor is unable to pay them and demand is made

on the creditor (*Field* v. *Slaughter,* 4 Ky. 160); and if the prisoner, although free on bond, is entitled to and boards at the jail (*Kirkup* v. *Stickney,* 5 Ohio Dec. Repr. 499 [6 Am. Law Rec. 300]); but the creditor is not liable for lodging except at the jail (*Buttles* v. *Carlton,* 1 Ohio, 32).

These cases dealt with persons at liberty under jail limits bonds or the equivalent. We have found none involving a prisoner free by indulgence of the jailer. The courts did not suggest such a distinction nor did the reasoning indicate it would change the rule of liability for board. The reasoning in the opinions is direct and persuasive, that the public ought not to pay the cost of the debtor's keep; he himself should pay it; if he is unable to do so the burden necessarily falls on the creditor who causes and continues the expense; but when the prisoner is released and supports himself, the reason for charging the creditor fails and the statute requiring him to pay becomes inoperative in that respect. The difficulty in determining the debtor's ability to pay his board while in jail is the evident reason the statutes have eliminated such element and fixed the creditor's obligation under such circumstances.

The reasoning applies to our statute. The creditor is required to pay only "the expenses of the board and keeping of such person so imprisoned," when demanded by the jailer. It implies reimbursement, not a continuous charge under all conditions. When, by reason of liberty of the prisoner and the support of himself, the jailer has no expense, there is no basis for reimbursement or for charge against the creditor. There is no claim that Roberts did not support himself and, therefore, plaintiffs were not obligated to pay the sheriff his board after he was discharged. The questions of plaintiffs' obligation

to pay had Roberts been unable to support himself, and the duty of the sheriff to give notice and make demand in such case, are not before us.

Defendants contend the sheriff was within his right in releasing Roberts on July 16th because his board money had not been paid in advance to that date. The obligation to pay in advance is not made mandatory by the statute but is a right which the jailer has and may enforce or waive. The record leaves the status of the payments uncertain. It would seem that, by reason of their irregularity, the sheriff was bound to make new specific demand on plaintiffs for board money before releasing Roberts. In any event, it is undisputed that the sheriff did not release him because the board was not paid and that he accepted board money to July 18th in accordance with the usual practice of its payment. Release before the latter date was not justified under the statute and thereafter plaintiffs were not required to pay board.

The sheriff was liable for an escape unless, as he claims, plaintiffs' attorney directed him to release Roberts. Upon this claim, the testimony made an issue of fact which was not decided by the court.

Reversed, with new trial, and costs to plaintiffs.

Potter, C. J., and Nelson Sharpe, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.