## BUTCHER *v.* LOVITT.

1. EXECUTION—CIVIL PRISONER—PAYMENT OF EXPENSES.

   So long as a judgment debtor is in confinement under writ of *capias ad satisfaciendum,* party at whose instance he is confined is required to pay sheriff, on demand, expenses of the board and keeping of such person and if expenses are not paid in advance the sheriff is not required to retain such person any longer in jail (3 Comp. Laws 1929, § 14756).

2. SAME—CIVIL PRISONER—CONFINEMENT IN HOSPITAL FOR EMERGENCY OPERATION.

   Judgment debtor who had been confined in jail and was removed to a hospital for an emergency appendectomy under order of county physician and who was confined in the hospital under the custody and control of the jail physician who was also a deputy sheriff *held,* under such imprisonment while in the hospital as is required by statute (3 Comp. Laws 1929, § 14756).

3. SAME—REIMBURSEMENT FOR EXPENSE OF CIVIL PRISONER'S KEEP.

   Statute requiring creditor to pay expense of board and keep of person imprisoned under *capias ad satisfaciendum* upon demand of the jailer, implies reimbursement so that when there is no expense, as where the prisoner supports himself after release through indulgence of the jailer, the creditor is not obligated to pay after prisoner's discharge (3 Comp. Laws 1929, § 14756).

4. SHERIFFS AND CONSTABLES—CIVIL PRISONER—ESCAPE.

   Release of judgment debtor from hospital where he had been taken from jail for emergency appendectomy but was in hospital in custody of a deputy sheriff *held,* not an escape for which sheriff and his surety were liable where board, inclusive of period spent in hospital, for keeping such prisoner had not been paid in advance upon demand of the sheriff (3 Comp. Laws 1929, § 14756).

Appeal from Jackson; Simpson (John), J. Submitted April 21, 1937. (Docket No. 86, Calendar No. 39,438.) Decided June 7, 1937. Rehearing denied September 1, 1937.

Action by Charles C. Butcher and wife against Thomas Lovitt, Jackson county sheriff, and Alliance Casualty Company, a foreign corporation, for damages for allegedly allowing the "escape" of a judgment debtor confined on a writ of *capias ad satisfaciendum*. Verdict and judgment for defendants. Plaintiffs appeal. Affirmed.

*Rosenburg & Painter* (*Harlan P. Cristy*, of counsel), for plaintiffs.

*Edward F. Beehan* (*Irwin E. Bannasch*, of counsel), for defendant Lovitt.

*Bishop & Weaver*, for defendant Alliance Casualty Company.

BUSHNELL, J. Charles Penny, a judgment debtor, was taken into custody on September 16, 1933, by Thomas Lovitt, sheriff of Jackson county, on a writ of *capias ad satisfaciendum*. Plaintiffs, who were Penny's judgment creditors, paid the board of the prisoner from time to time in advance as required by law (3 Comp. Laws 1929, § 14756), at the rate of 50 cents per day, the last payment of $2 being made on November 6, 1933.

On November 4th, Penny was transferred to the Foote Memorial Hospital, located within Jackson county on the order of the county physician, where an emergency appendectomy was performed. Penny remained in the hospital until he was dis-

charged therefrom on December 15, 1933, and was never returned to custody after that date.

The total sum of the amounts paid by plaintiffs to Sheriff Lovitt, at the rate of 50 cents per day, would pay for the "board and keeping" of Penny during a confinement of 55 days. Penny was in the county jail not more than 50 days, but if the time spent in the hospital can be added, the period of actual confinement was much more than 55 days.

Plaintiffs argue that they were under no responsibility for payment of Penny's board, etc., while he was in the hospital, and that his discharge on December 15th when "his board was then paid for five days in advance from that date" constituted an escape for which the sheriff and his bondsman are liable in this action.

Defendants do not deny that Penny's board was paid in advance for five days, but argue that while in the hospital he was still in confinement under the writ and that there is no liability on their part because at the time of his release the board of the prisoner was not paid in advance.

Other questions are raised in the briefs, but decision rests upon whether there was an "escape" on December 15, 1933.

The matter was submitted to a jury, under proper instructions, which returned a verdict for the defendants, upon which judgment was entered. The court denied plaintiffs' motions for judgment *non obstante veredicto* and for a new trial.

The pertinent statute, 3 Comp. Laws 1929, § 14756, provides:

"Whenever in any civil action, any person shall be committed to any jail in default of bail, or by virtue of an execution issued or proceeding founded on a judgment rendered in such suit, the plaintiff or

defendant at whose instance such person shall be so imprisoned, shall pay, on demand, to the sheriff or the keeper of the common jail of the county, the expenses of the board and keeping of such person so imprisoned; and the said sheriff or keeper of said jail shall not be required to retain such person any longer in jail than such expenses of said board and keeping shall be paid in advance; nor shall any expenses constitute any charge against the county.''

During Penny's confinement in the hospital, he was in the custody and under the control of Dr. E. H. Corley, the jail physician, who was a special deputy sheriff; his discharge was with the consent and knowledge of Dr. Corley and the approval of Sheriff Lovitt.

We are not concerned with the question of who is liable for the payment of the hospital charges. So long as the judgment debtor was in confinement under the writ, plaintiffs are required to pay the sheriff, on demand, ''the expenses of the board and keeping of such person so imprisoned'' and, if such expenses are not paid in advance, the sheriff ''shall not be required to retain such person any longer in jail,'' etc.

Upon demand, Penny's board had been paid up to November 8th, and there is testimony to support the finding that subsequent demands on plaintiffs for payment of Penny's ''board and keeping'' were refused by plaintiffs.

Under the facts of this case, confinement in the hospital, under the custody and control of Dr. Corley, a deputy sheriff, was such imprisonment as is required by law. 3 Comp. Laws 1929, § 14756.

In construing 3 Comp. Laws· 1929, § 14756, we said in *Reinert* v. *Fidelity & Casualty Company of New York,* 270 Mich. 607, that the ''creditor is not

liable for lodging except at the jail (*Buttles* v. *Carlton,* 1 Ohio, 32)." Penny's confinement in the hospital, in the custody of a deputy sheriff, was, in the eyes of the law, confinement at the jail.

We also said in the *Reinert case, supra:*

"When, by reason of liberty of the prisoner and the support of himself, the jailer has no expense, there is no basis for reimbursement or for charge against the creditor."

In the instant case, the prisoner was not at liberty at any time between November 6th, the last day upon which his board was paid, and December 15th, the date of his discharge from custody at the hospital. The prisoner did not support himself in the interim and although the record is silent as to who was responsible for his "board and keeping" during this period, it is certain that only five days of it was paid for by plaintiffs.

The statute (section 14756) only requires the sheriff to retain the judgment creditor in jail so long as the expense of his "board and keeping" shall be paid. They were not paid, although demand had been made and Penny was released. The facts do not make out a cause of action against the sheriff for the "escape" of the prisoner on December 15, 1933.

The judgment for defendants is affirmed, with costs to appellees.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE. POTTER, and CHANDLER, JJ., concurred.